# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WARREN, | CASE NO. 1:07-cv-00100-OWW-GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR SERVICE OF PROCESS AS PREMATURE |
| v. | (Doc. 100) |
| STEPHEN MAYBERG, et al., | |
| Defendants. | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON FIRST AND FOURTEENTH AMENDMENT CLAIMS FOUND TO BE COGNIZABLE |
| / | (Doc. 1) |

## I.     Motion for Service of Complaint

Plaintiff Andrew Warren ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.  Plaintiff filed this action on January 18, 2007.  On July 23, 2007, plaintiff filed a motion seeking service of his complaint by the United States Marshal.

As plaintiff was informed by the Court in an order filed on April 24, 2007, the Marshal will be directed to serve the complaint only after it has been screened and found to state cognizable claims for relief.  (Doc. 9.)  Because the Court controls the timing of service, plaintiff need not be concerned about the one-hundred twenty day time limit in Federal Rule of Civil Procedure 4(m).  Good cause exists for an extension of this deadline and this action will not be dismissed on the ground that it was not served within one-hundred twenty days.

1

1   Plaintiff's motion for service is premature and shall be denied on that ground.

2   **II.    Screening Order**

3       **A.    Screening Requirement**

4       The Court is required to screen complaints brought in forma pauperis.  28 U.S.C. §

5   1915(e)(2)(B)(ii).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

6   the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

7   fails to state a claim upon which relief may be granted."  Id.

8       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

9   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

10  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

11  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

12  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

13  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  The Court may dismiss a complaint

14  only if it is clear that no relief could be granted under any set of facts that could be proved consistent

15  with the allegations.  Id. at 514.

16      **B.    Section 1983 Claims**

17      Plaintiff is a civil detainee housed at Coalinga State Hospital, where the events at issue in this

18  action are allegedly occurring.  Plaintiff is seeking declaratory and injunctive relief from defendants

19  Director Stephen Mayberg, Executive Director W. T. Voss, Clinical Director Gary Renzaglia,

20  Assistant Chief of Central Program Services Linda Clark, and Does 1-10.

21      Plaintiff's claims arise from the alleged censorship of movies detainees at the hospital are

22  allowed to view on their personal portable DVD players.  Plaintiff alleges that after standards were

23  agreed upon regarding movie content, defendants began applying a different, religiously conservative

24  interpretation of the agreement, leading to the violation of his constitutional rights under the First

25  Amendment, Due Process and Equal Protection Clauses of the Fourteenth Amendment, and Ninth

26  Amendment, and the violation of his rights under sections 1985 and 1986.

27  ///

28  ///

2

### 1.     First Amendment and Fourteenth Amendment Claims

"[C]ivilly detained persons must be afforded 'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *7 (9th Cir. Aug. 30, 2007) (quoting Youngberg v. Romeo, 457 U.S. 307, 322 (1982)).  Therefore, "the rights afforded prisoners set a floor for those that must be afforded . . ." civil detainees.  Id.  In determining the rights of civil detainees, "[t]he law generally requires a careful balancing of the rights of individuals who are detained for treatment, not punishment, against the state's interests in institutional security and the safety of those housed at the facility."  Id. at 8.   Detainees "retain those  .  .  .  rights not inherently inconsistent with the circumstances of their detention."  Id. at 9.

The Court has reviewed plaintiff's complaint and finds that it is sufficient to proceed on plaintiff's claims for violation of the First Amendment and Fourteenth Amendment.  Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

### 2.     Ninth Amendment Claim

Plaintiff alleges a claim for relief for violation of the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const., amend. IX.  The Ninth Amendment does not provide a basis upon which plaintiff may impose liability under section 1983 because it does not "independently [secure] any constitutional right . . . ."  Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); Ramirez v. Butte-Silver Bow County, 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiff's may not "'double up' constitutional claims") aff'd sub nom. Groh v. Ramirez, 540 U.S. 551 (2004); Schowengerdt v. United States, 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional claim").  Accordingly, plaintiff's attempt to impose liability for violation of the Ninth Amendment fails as a matter of law.

///

1    **C.    Section 1985 and 1986 Claims**

2    Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state

3    a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any

4    person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators

5    in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any

6    right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir.

7    1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there

8    is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v.

9    Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

10   "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent

11   a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist.,

12   26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief under section 1986

13   unless he has first stated a claim for relief under section 1985. McCalden v. California Library

14   Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992).

15   Plaintiff's complaint is devoid of any allegations supporting a claim that defendants

16   conspired to discriminate against him in violation of section 1985. Accordingly, plaintiff fails to

17   state claims under section 1985 and section 1986.

18   **III.    Conclusion and Order**

19   Plaintiff's complaint is sufficiently pled to proceed on plaintiff's claims under section 1983

20   for violation of the First and Fourteenth Amendments. However, plaintiff's complaint does not state

21   a claim under section 1983 for violation of the Ninth Amendment, or claims under section 1985 and

22   1986. The Court will provide plaintiff the opportunity to file an amended complaint, if plaintiff

23   wishes to do so.

24   If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

25   against defendants on his First and Fourteenth Amendment claims, plaintiff may so notify the Court

26   in writing, and the Court will issue a Findings and Recommendations recommending that plaintiff's

27   other claims be dismissed from this action, and will forward plaintiff four summonses and four

28   ///

4

USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to file an amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for service, filed July 23, 2007, is DENIED as premature;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants on his First and Fourteenth Amendment claims; and

///

///

///

5

4.      If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

**Dated:**   **November 4, 2007**                       _____/s/ **Gary S. Austin**_____
                                                        UNITED STATES MAGISTRATE JUDGE